IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

J.D. JORDAN )
)
v. ) NO. 3:17-0006
)
ANDREW ADAMS, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered January 9, 2017 (Docket Entry No. 2), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

For the reasons that are set out below, the undersigned respectfully recommends that the unopposed motion to dismiss (Docket Entry No. 14) of Defendant National Health Investors, Inc., be granted. The undersigned further recommends that all remaining Defendants be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and that this action be dismissed in its entirety.

### I. BACKGROUND

J.D. Jordan ("Plaintiff") is a resident of Louisiana. He filed this *pro se* action on January 5, 2017, against National Health Investors, Inc. ("NHI"), and six individuals alleged to be current or former officers or directors of NHI – Andrew Adams, Kristin Gaines Sallee, Eric Mendelson, Roger Hopkins, James Hutches, and Robert McCabe. *See* Complaint (Docket Entry No. 1). Plaintiff brings suit under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), seeking to recover what he alleges are wrongful short-swing profits gained by the individual Defendants' sale

of NHI securities, profits which he contends NHI has refused to pursue despite his written demand to NHI that it seek disgorgement of these profits. *Id.* at 3-6.

By Order entered January 13, 2017, Plaintiff was advised of his responsibility to serve Defendants with the summons and complaint, in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Docket Entry No. 4. By Order entered April 10, 2017, the Court granted Plaintiff's motion for an extension of time to serve Defendants and gave him a deadline of June 5, 2017, by which to serve Defendants. *See* Docket Entry No. 11. The Court specifically warned Plaintiff that his failure to serve Defendants within this time period may result in a recommendation that this action be dismissed. *Id.*

On May 9, 2017, Defendant NHI filed the pending motion to dismiss seeking dismissal under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Specifically, NHI argues that Plaintiff's attempt to serve process upon NHI is not sufficient because, 1) Plaintiff failed to mail the summons and complaint to NHI's registered agent for service of process by registered return receipt or certified return receipt mail, and, 2) the attempted service of process was more than 90 days after the complaint was filed and was, thus, untimely under Rule 4(m) of the Federal Rules of Civil Procedure. *See* Memorandum in Support (Docket Entry No. 15). Plaintiff has not responded to the motion to dismiss. The record in the action also does not indicate that process has been served upon any Defendant.

## II. CONCLUSIONS AND RECOMMENDATIONS

"The party that has attempted service bears the burden of establishing that service was valid." *DASFortus Techs., LLC v. Precision Prods. Mfg. Co.*, 2009 WL 2406463 at *1 (M.D.Tenn. July 31, 2009) (Trauger, J.). Through its motion, NHI raises the issue of the insufficiency of Plaintiff's attempted service of process upon NHI and sets forth a correct analysis showing that it has not been

2

Case 3:17-cv-00006   Document 16   Filed 07/06/17   Page 2 of 4 PageID #: 109

properly served in this action. Plaintiff has not opposed the motion,[1] and he has not shown that he properly served process upon Defendant NHI. Although Plaintiff proceeds *pro se*, this Court has no duty to develop legal theories and find ways to defeat Defendant's motion to dismiss. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). The requirement of service of process is not some mindless technicality, but, rather, is a necessary threshold issue that underpins the federal court's personal jurisdiction over a defendant. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). Accordingly, the motion to dismiss of Defendant NHI (Docket Entry No. 14) should be GRANTED, and Defendant NHI should be DISMISSED WITHOUT PREJUDICE.

The docket in this action shows that the remaining Defendants have not been served with process in this action. Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. The Court extended this time period by an extra 60 days. However, there is no indication that any of these Defendants have been served with process in the five months since the complaint was filed on January 5, 2017. Accordingly, unless Plaintiff objects to this Report and Recommendation and shows good cause for his failure to serve process upon Defendants Andrew Adams, Kristin Gaines Sallee, Eric Mendelson, Roger Hopkins, James Hutches, and Robert McCabe, these Defendants should be DISMISSED from the action WITHOUT PREJUDICE for lack of service of process.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to

---

[1] Local Rule 7.01(b) deems that a party's failure to file a timely response to a motion indicates that there is no opposition to the motion.

appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    BARBARA D. HOLMES
    United States Magistrate Judge